## Commonwealth v. Rhodes

*Thomas Wagner, assistant district attorney,* for the Commonwealth.

*Juan R. Sanchez*, for defendant.

WOOD, J., November 18, 1985 — Defendant George. R. Rhodes was found guilty before District Justice John Catanese of driving while his operating privilege was revoked as the result of a drunk driving conviction; 75 Pa.C.S. §1543(b). That section mandates that, upon conviction, the offender be sentenced to pay a fine in the amount of $1,000 and to undergo imprisonment for a period of 90 days. Defendant appealed to this court and the matter was heard de novo before the undersigned on October 22, 1985.

Defendant was convicted of driving under the influence of alcohol (D.U.I.) on July 7, 1979. As a result, his license was revoked for a period of five years, effective July 9, 1981, pursuant to the habitual offenders' provision of the Vehicle Code: 75 Pa.C.S. §1542. On July 22, 1984, defendant was caught driving while his license was revoked and cited for violation of 75 Pa.C.S. §1543(b).

75 Pa. C.S. §1543(b) provides in pertinent part:

"Any person who drives a motor vehicle on any highway . . . of this Commonwealth at a time when their operating privilege is suspended or revoked . . . because of a violation of . . . 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

75 Pa.C.S. §1532(b)(3) provides that anyone convicted of driving under the influence of alcohol, 75 Pa.C.S. §3731, shall have his or her operating privileges suspended for 12 months. There is no increase in the length of the suspension for subsequent D.U.I. convictions. 75 Pa.C.S. §1542(a) requires that the license of an "habitual offender"

be revoked for a period of five years. Subsection 1542(b) defines an "habitual offender" as one who has three convictions of any one or more of the five offenses listed in that subsection, one of which is D.U.I.

Here, it is not clear what three offenses led to defendant being classified as an habitual offender, other than the last one, which was for D.U.I. In any event, the Vehicle Code only provides a one-year license suspension for a D.U.I. conviction regardless of whether it be a first or subsequent offense. Since defendant was cited for driving while his operating privileges were revoked some three years after his license was revoked and approximately five years after his D.U.I. conviction, it would seem that, at the time of the issuance of the citation, defendant's license was revoked not as the result of a D.U.I. conviction but because he was a "habitual offender".

75 Pa.C.S. §1543(b) says nothing about persons caught driving while their operating privileges are revoked because they are "habitual offenders". Since that subsection is penal in nature, it must be strictly construed. 1 Pa.C.S. §1928(b)(1). We must therefore find defendant not guilty of violating 75 Pa.C.S. §1543(b), since there is no proof that his license was revoked for the reasons stated in that subsection. Although it is clear that defendant's license was revoked when he was stopped, he was not charged with violation of 75 Pa.C.S. §1543(a).

Accordingly, we enter the following

## VERDICT

We find defendant not guilty of violating 75 Pa.C.S. §1543(b) (driving while license is revoked as the result of a conviction for an alcohol-related offense).